**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| **KEVIN CONNELLY**, *individually and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> **THE ART OF SHAVING-FL, LLC,** <br><br> Defendant. | **Case No.** 1:26-cv-20843-BLOOM <br><br><br> Honorable Beth Bloom |

**JOINT DISCOVERY PLAN AND SCHEDULING REPORT**

Plaintiff Kevin Connelly ("Plaintiff") and Defendant THE ART OF SHAVING-FL, LLC ("Defendant"), pursuant to Fed. R. Civ. P. 26(f) and S.D. Fla. L.R. 16.1(b) and the Court's order requiring a scheduling report [ECF No. 4], submit this Discovery Plan and Conference Report following their videoconference meeting on May 4, 2026. The meeting was attended by Christopher Berman of Shamis & Gentile, P.A. for Plaintiff, and Kristin Bryan, Amy Brown Doolittle, and Shing Tse of Squire Patton Boggs (US) LLP for Defendant

**REPORT FOR S.D. FLA. L.R. 16.1 (B)(2)(A)–(L)**

**(A)      The likelihood of settlement:**

Pursuant to the Court's Order, the Parties had an initial discussion regarding resolution of this matter and will continue to explore settlement in good faith as warranted.

**(B)      Likelihood of appearance in this action of additional Parties:**

At this time, the Parties do not believe that additional parties will appear in this action, but they reserve rights to seek to add additional parties if warranted following additional investigation and/or discovery.

**(C)      Proposed time limits:**

The Parties propose that this case be assigned to the standard case management track. The

Parties respectfully request that this Court enter an Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge attached as Exhibit A.

**(D)     Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:**

The Parties agree to work diligently to simplify the issues as the case progresses.

Defendant has filed a potentially case-dispositive Motion to Dismiss [ECF No. 8], which presents critical threshold issues regarding Plaintiff's claims against Defendant.  Given that Defendant's Motion to Dismiss could resolve the case in its entirety and the significant burden and cost associated with discovery in a class action, Defendant has also moved to stay discovery [ECF No. 9] pending resolution of the Motion to Dismiss.  Thus, Defendant's position is that discovery should only proceed if its Motion to Dismiss were to be denied.

Further, the Parties request that the Court bifurcate discovery in accordance with the proposed schedule set forth in Exhibit A, beginning first with discovery related to class certification before proceeding to merits discovery, if necessary, following a ruling on Plaintiff's motion for class certification. The parties believe that bifurcation is warranted here because it will further the Court's efficiency goals by avoiding the potentially unnecessary burden and expense of merits discovery and related motion practice if the Court finds that class certification is not warranted. *Horton v. S.W. Med. Consulting, LLC,* Case No. 17-CV-0266-CVE-mjx, 2017 WL 5075928, at *2 (N.D. Okla. Aug. 14, 2017) (bifurcating discovery into class and merits phase in TCPA case); *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 595 (S.D. Cal. 2014) ("Generally at the pre-class certification stage, discovery in a putative class action is limited to certification issues such as the number of class members, the existence of common questions, typicality of claims, and

the representative's ability to represent the class.") (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 359 (1978)).

**(E)      Necessity or desirability of amendments to the pleadings:**

The Parties do not anticipate any amendments to the pleadings at this time but reserve their right do so in accordance with the Federal Rules of Civil Procedure as well as the Rules of this Court.

**(F)      Possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding authenticity of documents, and the need for advance rulings from the Court on admissibility of evidence:**

The Parties will in good faith attempt to obtain: (1) admissions of facts and of documents, which will avoid unnecessary proof; and (2) stipulations regarding the authenticity of documents. The Parties will seek advance rulings from the Court on the admissibility of evidence as necessary.

**(G)      Suggestions for the avoidance of unnecessary proof and cumulative evidence:**

The Parties will work together in good faith to enter into stipulations to avoid unnecessary proof and cumulative evidence.

**(H)      Referring matters to a Magistrate Judge:**

The Parties do not consent to referral of dispositive motions to a Magistrate Judge, nor do the Parties consent to have this case proceed before a Magistrate Judge for trial.  The Parties do consent to refer, for final rulings that may not be appealed to the District Court, (i) all discovery matters to the Magistrate Judge; (ii) all motions regarding entitlement to and amounts of attorney fees; and (iii) all motions that are unopposed, agreed, or jointly filed.

**(I)      Preliminary estimate of the time required for trial:**

The Parties estimate that approximately 5-7 days will be required for trial.

**(J)      Requested date or dates for conferences before trial, a final pretrial conference, and trial:**

*See* Exhibit A, Parties' Proposed Schedule.

**(K)      Any issue about:**

**(i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**;

Any ESI shall be produced in PDF and/or native format.

Each party may produce information from electronic or computer-based media limited to data reasonably available to the parties in the ordinary course of business.

Reasonable measures will be taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.

**(ii) claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and**

None at this time. Should either party inadvertently produce privileged information, that information shall be immediately returned to the producing party, and the parties agree, and request that the Court order pursuant to Fed. R. Evid. 502(d), that privilege shall not be considered waived on the sole basis of such inadvertent production regardless of, and without resort to, considerations of the factors set forth in Fed. R. Evid. 502(b).

**(iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist.**

The Parties have not agreed to use the ESI Checklist but reserve the right to do so.

**(L)      Any other information that might be helpful to the Court.**

At this time, the Parties do not have any additional information for the Court.

**Dated: May 4, 2026**

By:  s/ Christopher Berman

Christopher E. Berman (FBN 1010654)
Email: cberman@shamisgentile.com
**Shamis & Gentile, P.A.**
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
Telephone: 305.479.2299

*Attorneys for Plaintiff and the putative class*

By:  s/  Kristin L. Bryan

Jason Daniel Joffe
Florida Bar No. 0013564
200 S. Biscayne Blvd., Suite 3400
Miami, FL 33131
Telephone: (305) 577-7000
Facsimile: (305) 577-7001
Email:jason.joffe@squirepb.com

Kristin L. Bryan *(pro hac vice)*
E-mail: kristin.bryan@squirepb.com
Shing Tse *(pro hac vice)*
Email: shing.tse@squirepb.com

*Attorneys for Defendant The Art of Shaving-FL, LLC*

## EXHIBIT A

### PARTIES' PROPOSED BIFURCATED SCHEDULE

| EVENT | DEADLINE |
|---|---|
| Amendment of Pleadings | July 31, 2026 |
| Joinder of Parties | July 31, 2026 |
| Mediator Selection | July 31, 2026 |
| File Motion for Class Certification; Plaintiff to Disclose Expert Witnesses and Reports as to Class Certification | November 16, 2026 |
| Defendant's Opposition to Motion for Class Certification; Defendant to Disclose Expert Witnesses and Reports as to Class Certification | December 16, 2026 |
| Plaintiff's Reply to Class Certification Motion | January 4, 2027 |
| Close of Class Discovery | January 4, 2027 |
| Parties to Meet and Confer and Submit Joint Proposal re: Schedule for Merits Discovery | 14 days after Court's ruling on Plaintiff's Motion for Class Certification |
| Pre-Trial Conference | October 29, 2027 |
| Trial | December 27, 2027 |