**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

KEVIN CONNELLY, individually and on behalf   )
of all others similarly situated,   )
  )
     *Plaintiff,*   )     **Case No. 1:26-cv-20843-BLOOM**
  )
v.   )
  )
THE ART OF SHAVING-FL, LLC,   )
  )
     *Defendant*.   )

**DEFENDANT THE ART OF SHAVING-FL, LLC'S
RENEWED MOTION TO STAY DISCOVERY AND MEMORANDUM IN
SUPPORT**

Defendant The Art of Shaving-FL, LLC ("Defendant" or "TAOS"), by and through its undersigned counsel, hereby moves this Court to stay discovery pending a resolution on Defendant's Motion to Dismiss Plaintiff Kevin Connelly's First Amended Class Action Complaint, ECF No. 21 (the "Motion to Dismiss").

I.     **INTRODUCTION**

TAOS's Motion to Dismiss presents dispositive challenges to the legal sufficiency of all of Plaintiff's claims in the First Amended Class Action Complaint ("FAC"), which allege violations of the Telephone Consumer Protection Act ("TCPA") and the Connecticut Telephone Solicitation Act ("CTSA"). TAOS raised the same dispositive challenges to Plaintiff's TCPA claims in TAOS's motion to dismiss the original complaint [ECF No. 8], and Plaintiff's second bite at the apple, the FAC, added no allegations that could refute these fundamental legal points. Both the Eleventh Circuit and this Court have held that a stay of discovery is warranted pending the resolution of a motion to dismiss when a "preliminary peek" at the underlying motion reveals

its merits and potential to dispose of the entire case and any harm resulting from a stay is outweighed by the burdens of discovery.

Here, a preliminary peek at TAOS's Motion to Dismiss establishes its merits and disposition of the entire case. As explained more fully below and in TAOS's Motion to Dismiss, numerous courts in the Eleventh Circuit interpreting the TCPA following the Supreme Court's decision in *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146 (2025) have reached the same conclusion: text messages are not "telephone calls" that can support a claim under § 227(c)(5) of the TCPA—the section on which all of Plaintiff's TCPA claims rely. If the Court issues a ruling on the Motion to Dismiss consistent with these decisions, then it will dismiss all the TCPA claims which form the basis of this Court's jurisdiction, thus obviating the need for any discovery. Even if the Court does not hold that text messages are not phone calls, a preliminary peek at TAOS's Motion to Dismiss reveals that Plaintiff cannot show that the text messages are "telephone solicitations" or "telemarketing," which is an essential element of each of Plaintiff's TCPA claims. Further, Plaintiff's state-law claim under the CTSA fails because the statute was repealed in 2023.

Given the early stage of this case, Plaintiff will not be prejudiced by a brief stay in discovery. TAOS, on the other hand, will face significant burdens if it is required to engage in broad-sweeping class-wide discovery that is unnecessary if the Court ultimately grants TAOS's Motion to Dismiss. Accordingly, TAOS respectfully requests the Court briefly stay discovery, including all pre-trial deadlines and all federal and local rule disclosures and conference requirements, until it has determined whether Plaintiff's FAC may proceed.

## II.      FACTUAL BACKGROUND

Plaintiff filed the original complaint on February 9, 2026. *See* ECF No. 1. Plaintiff alleged that TAOS violated the TCPA based on text messages he allegedly received on his phone number

that is registered on the National Do Not Call Registry in November 2025 after he responded "Stop." Compl. ¶¶ 2–3, 14–18. According to Plaintiff, some of the messages were sent before 8:00 AM and after 9:00 PM at his local time. Compl. ¶ 16. Plaintiff asserted four causes of action under section 227(c)(5) of the TCPA: **(1)** Violation of 47 C.F.R. § 64.1200(c)(2) (the "DNC Registry Claim"); **(2)** Violation of 47 C.F.R. § 64.1200(d) (the "Internal DNC Claim"); **(3)** Violation of 47 C.F.R. § 64.1200(c)(1) (the "Quiet Hours Claim"); and **(4)** "Knowing and/or Willful Violations of the TCPA." Compl. ¶¶ 62–96.

In the original Complaint, Plaintiff asserted claims on behalf of himself and three nationwide putative classes:

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of promoting Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.

> **National Internal Do Not Call Class**: From four years before the filing of the Complaint, all persons in the United States who (1) were sent more than one text message by or on behalf of Defendant within any 12-month period; (2) regarding Defendant's goods or services, to said person's cellular telephone number; and (3) while Defendant did not maintain the required procedures under 47 C.F.R. § 64.1200(d) for maintaining a list of persons who request not to receive such calls

> **After-Hours Violation Class**: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf between the hours of 9:00 PM and 8:00 AM in the recipient's local time zone, in violation of 47 C.F.R. § 64.1200(c)(1).

Compl. ¶ 51.

3

On April 13, 2026, TAOS filed a Motion to Dismiss Plaintiff's original Class Action Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* ECF No. 8. TAOS also filed a motion to stay discovery pending resolution of the motion to dismiss. *See* ECF No. 9. In response to the motion to dismiss, Plaintiff did not file an opposition. Instead, Plaintiff filed the FAC on May 5, 2026. *See* ECF No. 18. The FAC maintained the same alleged TCPA violations as the original complaint. *See* FAC ¶¶ 65–99. The FAC also added a fifth cause of action asserting a claim under Connecticut state law, specifically the CTSA, Conn. Gen. Stat. § 42-288a(c)(2). FAC ¶¶ 100–109. In the FAC, Plaintiff now also seeks to represent a fourth class:

> **CTSA Class**: All residents of Connecticut, who from the applicable statute of limitations period prior to the filing of this action through the date of class certification were sent an unsolicited telephonic sales call by or on behalf of Defendant.

FAC ¶ 54.

On May 4, 2026, Plaintiff served on TAOS his first set of discovery requests, a true and correct copy of which is attached as **Exhibit A**. Plaintiff's discovery requests include 12 interrogatories, 41 requests for production of documents, and 11 requests for admission. *See* Ex. A. Among other things, Plaintiff's document requests seek individualized records for every single member of putative classes. *See, e.g.*, *id.*, RFP No. 24 ("Documents sufficient to identify the type of consent or permission, if any, You obtained from the intended recipients of Text Messages prior to You attempting transmission of the messages."), RFP No. 33 ("For the Internal Do Not Call Class Members, all documents supporting Your contention, if any, that You secured consent to transmit Text Messages to those individuals."), RFP No. 36 ("For each intended recipient of Text Messages, documents sufficient to identify the date of when that person last transacted business with You.").

### III.    LEGAL STANDARD

"A district court 'has broad discretion to stay proceedings as an incident to its power to control its own docket.'" *Bienaime v. Fla. Dep't of Child. & Fams.*, No. 1:24-cv-23018-BB, 2024 WL 4665253, at *1 (S.D. Fla. Nov. 4, 2024) (Bloom, J.) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)) (granting motion to stay all discovery).  A party seeking to stay discovery has the burden of establishing its necessity, appropriateness, and reasonableness.  *Id*.  A stay of discovery may be warranted where a pending motion to dismiss will dispose of the entire case.  *See id*.; *see also, e.g.*, *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367–68 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense" should be resolved before discovery begins).

To determine whether there is a "strong likelihood" that a motion to dismiss will be granted and "entirely eliminate the need for" discovery, the Court must take a "preliminary peek" at the merits of the motion.  *Bienaime*, 2024 WL 4665253, at *2 (citations omitted).  "When taking a preliminary peek at a motion to dismiss for purposes of a motion to stay discovery, the Court must decide if the motion to dismiss 'appears to be clearly meritorious and truly case dispositive.'"  *Id*. (citation omitted); *see also, e.g.*, *Goldstein v. Costco Wholesale Corp.*, No. 21-cv-80601-RAR, 2021 WL 2827757, at *2 (S.D. Fla. July 8, 2021) (granting stay of discovery where case was "one of many similar suits currently pending in Florida courts" and there was "dismissal of nearly identical suits").  The court must weigh the harm resulting from a delay in discovery against the likely costs and burdens of proceeding with discovery.  *Bienaime*, 2024 WL 4665253, at *2; *see also, e.g.*, *Wildhaber v. EFV*, No. 17-cv-62542-BB, 2018 WL 11656373, at *2 (S.D. Fla. Mar. 6, 2018) (granting stay of discovery where motion to dismiss was based on "multiple, alternative case-dispositive grounds").  "[A] defendant should not be forced to expend substantial resources

answering discovery when the plaintiff's claims clearly lack merit[.]"  *Bienaime*, 2024 WL 4665253, at *2 (internal quotation marks and citation omitted).

Accordingly, this Court and others in this District have granted requests to stay discovery pending the resolution of a motion to dismiss.  *See, e.g.*, *Bienaime*, 2024 WL 4665253, at *2 (granting a motion to stay discovery pending a motion to dismiss where a preliminary peek showed that the motion "appears to be clearly meritorious and truly case dispositive" and would "entirely eliminate the need for such discovery[.]"); *Goldstein*, 2021 WL 2827757, at *2 (granting stay); *Wildhaber*, 2018 WL 11656373, at *2 (same); *McGonigle v. Pure Green Franchise Corp.*, No. 0:25-cv-61164-AHS, 2026 WL 111338, at *2 (S.D. Fla. Jan. 15, 2026) (granting motion to stay pending motion to dismiss TCPA § 227(c)(5) claim).

## IV.      ARGUMENT

The Motion should be granted and discovery stayed pending resolution of the Motion to Dismiss because (A) there is a strong likelihood that the Motion to Dismiss will be granted and entirely eliminate the need for discovery and (B) a balance of equities weighs in favor of a stay of discovery.

### A.      Good Cause Exists to Stay Discovery Because TAOS's Motion to Dismiss is Meritorious and Case Dispositive.

It is appropriate and reasonable to stay discovery because a "preliminary peek" at TAOS's Motion to Dismiss demonstrates that Plaintiff's claims have no legal basis.  *See* Motion to Dismiss at 5–21; *Davis v. CVS Pharmacy, Inc.*, 797 F.Supp.3d 1270 (N.D. Fla. Aug. 26, 2025) (dismissing TCPA claims based on receipt of text messages).  And if TAOS's Motion to Dismiss is granted, there will be no need for any discovery.

As TAOS's Motion to Dismiss establishes, Plaintiff's Complaint must be dismissed in its entirety for failure to state a claim because Plaintiff lacks a private right of action under the TCPA.

*See* Motion to Dismiss at 5–19.  Each of Plaintiff's federal causes of action is asserted under 47 U.S.C. § 227(c)(5) of the TCPA.  *See* FAC ¶¶ 71, 81, 91, 98.  Section 227(c)(5) provides a private right of action for individuals who receive more than one "telephone call" in a 12-month period in violation of the TCPA's implementing regulations.  47 U.S.C. § 227(c)(5).  Indeed, numerous courts in the Eleventh Circuit that have considered the issue following the Supreme Court's decision in *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146 (2025) have concluded that the plain meaning of the term "telephone call" does <u>not</u> include text messages, and thus Plaintiff does not have a private right of action with respect to text messages.  *See* Motion to Dismiss at 2 (collecting cases); *see also, e.g.*, *Davis*, 797 F.Supp.3d at 1272 ("[B]ecause a text message is not a 'telephone call,' [plaintiff] has not stated a plausible claim."); *El Sayed v. Naturopathica Holistic Health, Inc.*, No. 8:25-cv-00847-SDM-CPT, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025) ("[T]he statutory text here is clear, and a text message is not a 'telephone call.'").  As Plaintiff's claims are premised on his alleged receipt of text messages—not telephone calls—Plaintiff's claims must be dismissed.

Separately, TAOS's Motion to Dismiss shows that Plaintiff's TCPA claims fail regardless because the text messages are not "telephone solicitations" or "telemarketing."  *See* Motion to Dismiss at 16–19.  The TCPA regulations on which Plaintiff's claims rely—47 C.F.R. §§ 64.1200(c)-(d)—limit violations to calls and messages that are "telephone solicitations" and "telemarketing."  The regulations define both "telephone solicitations" and "telemarketing" as calls and messages for "the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." *Id*. § 64.1200(f)(13), (15).  The text messages on which Plaintiff's claims rely did not encourage him to purchase, rent, or invest in anything; their purpose was to enable Plaintiff to complete a "double opt-in" to subscribe to

receive subsequent marketing messages.  *See* FAC ¶ 18.  Plaintiff's claims therefore are independently subject to dismissal because the messages are not "telephone solicitations" or "telemarketing," and therefore cannot support his claims for violations of 47 C.F.R. §§ 64.1200(c)-(d).  *See Rotberg v. Jos. A. Bank Clothiers, Inc.*, 345 F.Supp.3d 466 (S.D.N.Y. 2018) (granting motion to dismiss TCPA claim; holding text messages that "set[] forth the terms and conditions by which [plaintiff] could consent to receive marketing materials" were not telemarketing).

Finally, TAOS's Motion to Dismiss shows that Plaintiff's state-law CTSA claim should be dismissed.  This Court should decline to exercise supplemental jurisdiction over a state law claim following dismissal of the federal claims.  Moreover, Plaintiff plainly cannot assert a § 42-288a(c)(2) claim for texts received after October 1, 2023 because the statute was repealed.  *See* 2023 Conn. Legis. Serv. P.A. 23-98 (S.B. 1058) (West); *see also, e.g.*, *People's Bank v. Perkins*, No. CV 310482, 1994 WL 621969, at *4 (Conn. Super. Ct. Nov. 3, 1994) (grant motion to strike claim asserted under repealed statute).

If granted, TAOS's Motion to Dismiss will dispose of the entirety of Plaintiff's Complaint, obviating the need for any discovery.  Allowing discovery to proceed on the basis of "invalid claim[s]" increases costs and "does nothing but waste the resources of the litigants . . . , squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Chudasama*, 123 F.3d at 1368 (district court abused discretion by compelling discovery without ruling on motion to dismiss).  Given these dispositive and meritorious challenges to the legal sufficiency of Plaintiff's Complaint, a stay of discovery is appropriate.  *See, e.g.*, *Bienaime*, 2024 WL 4665253, at *2 (staying discovery where a pending motion to dismiss "appears to be clearly meritorious and truly case dispositive and would 'entirely eliminate the need for such discovery' as to [defendant]." (citation omitted)); *Wildhaber*, 2018 WL 11656373, at *2

(staying discovery pending resolution of motion to dismiss); *Goldstein*, 2021 WL 2827757, at *2 ("When faced with legitimate challenges to the legal theory upon which a broad class action complaint rests, a temporary stay of discovery is the proper course until such challenges are resolved.").

A "preliminary peek" indicates that the Motion to Dismiss is particularly likely to succeed here given the "dismissal of nearly identical suits." *Leace v. Gen. Motors LLC*, No. 21-cv-60721-RAR, 2021 WL 2827759, at *3 (S.D. Fla. July 8, 2021) (finding that a stay of discovery pending resolution of a motion to dismiss a class action complaint was appropriate to "prevent extensive and expensive discovery from going forward until the Court is able to effectively determine the validity of Plaintiff's claims"). In *Leace*, Judge Ruiz entered a stay of discovery pending resolution of motion to dismiss plaintiff's complaint[1] despite "a dearth of case law on these novel issues" because at least two other courts dismissed similar claims. 2021 WL 2827759, at *3. Here, the present Motion to Dismiss is even stronger than in *Leace*, as numerous courts have dismissed similar claims on the same basis as TAOS's Motion to Dismiss. *See* Motion to Dismiss at 2 (collecting cases); *see also, e.g.*, *Davis*, 797 F.Supp.3d at 1272.

Indeed, another court in this District entered a stay of discovery pending resolution of a motion to dismiss a putative class action under TCPA § 227(c)(5), where the motion to dismiss argued that "the private right of action in § 227(c)(5) of the TCPA only applies when someone has received 'more than one telephone call,' not a text message." *McGonigle v. Pure Green Franchise Corp.*, No. 0:25-cv-61164-AHS, 2026 WL 111338, at *1 (S.D. Fla. Jan. 15, 2026). The *McGonigle* court, after noting that the Supreme Court has emphasized that district courts have the obligation

---

[1] The complaint in *Leace* was filed by Plaintiff's counsel in this action—Shamis & Gentile, P.A. and Edelsberg Law, PA—and part of "many similar suits currently pending in Florida courts." 2021 WL 2827759, at *2.

to interpret the law without deference to FCC interpretations, emphasized that the issue of whether § 227(c)(5) encompasses text messages "is a question of law that does not require discovery." *Id.* at *2.

In sum, numerous district courts in the Eleventh Circuit that have considered the issue post-*McLaughlin* have dismissed TCPA claims based on the same underlying facts as Plaintiff's Complaint: the alleged receipt of text messages. TAOS has thus demonstrated that its Motion to Dismiss has "sufficient merit" to justify a temporary stay of discovery until this Court decides the Motion to Dismiss. Accordingly, as it has done previously, the Court should stay discovery in this costly, putative class action pending its resolution of TAOS's Motion to Dismiss. *See, e.g.*, *Bienaime*, 2024 WL 4665253, at *2; *Wildhaber*, 2018 WL 11656373, at *2.

## B.      A Balance of Equities Weighs in Favor of a Stay of Discovery.

It is appropriate and reasonable to stay discovery in this case because "balancing the harm produced by a delay in discovery against the likely costs and burdens of proceeding with discovery weighs in favor of a stay." *Bienaime*, 2024 WL 4665253, at *2 (quotations omitted). The harms that TAOS would suffer in proceeding with class-wide discovery on a meritless claim would be immense, but the countervailing harm Plaintiff would suffer from a temporary stay of discovery would be minimal.

Discovery in advance of the Court's ruling on the Motion to Dismiss would impose costs and burdens on the parties and the Court that may ultimately prove to be unnecessary. The Eleventh Circuit has enumerated those substantial costs and burdens:

> Discovery imposes several costs on the litigant from whom discovery is sought. These burdens include the time spent searching for and compiling relevant documents; the time, expense and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether

> certain information is privileged.  The party seeking discovery also bears costs, including attorneys' fees generated in drafting discovery requests and reviewing the opponent's objections and responses. … Finally, discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes.

*Chudasama,* 123 F.3d at 1367–68 (district court abused discretion by compelling discovery without ruling on motion to dismiss); *accord NCC Bus. Servs. v. Lemberg & Assocs., LLC*, No: 3:13-cv-795, 2013 WL 5428737, at *1-2 (M.D. Fla. Sept. 26, 2013) (granting stay of discovery pending ruling on motion to dismiss "to permit the Court to potentially resolve a matter without the need for discovery, which can spare the court and the litigants the myriad costs of discovery").

Indeed, the discovery burdens are particularly acute here, where Plaintiff asserts multiple claims against TAOS on behalf of **four nationwide putative classes**.  *See* FAC ¶ 54.  Courts have recognized that merits of class action discovery entail significant costs relative to other discovery. *See, e.g.*, *Skuraskis v. NationsBenefits Holdings, LLC*, 717 F.Supp.3d 1221, 1231 (S.D. Fla. 2023) ("Plaintiffs also understate the relative burden of proceeding with discovery in a nationwide data breach class action such as this . . ."); *Johnson v. Whaleco, Inc.*, No. 5:23-cv-00403-GAP-PRL, 2023 WL 6292691, at *1 (M.D. Fla. Sept. 27, 2023) (noting that discovery in a TCPA action could be "unnecessarily expensive and time consuming" "because Plaintiff has filed a class action lawsuit").  Other courts emphasize the broad nature of class discovery when granting stays of discovery. *See Leace*, 2021 WL 2827759, at *3 (finding that a stay of discovery pending resolution of a motion to dismiss a class action complaint was appropriate to "prevent extensive and expensive discovery from going forward until the Court is able to effectively determine the validity of Plaintiff's claims"); *Goldstein*, 2021 WL 2827757, at *2 ("When faced with legitimate challenges to the legal theory upon which a broad class action complaint rests, a temporary stay of discovery is the proper course until such challenges are resolved.").

11

As courts in this District have recognized, staying discovery pending a potentially dispositive motion "is particularly appropriate in large putative class action cases such as this wherein Plaintiff seeks a significant swath of documents[.]" *Taylor*, 2020 WL 6118779, at *3. That is the case here, as Plaintiff's discovery requests include 41 requests for production of documents and seek, among other things, individualized records for every single member of putative classes. *See, e.g.*, Ex. A, RFP No. 36 ("For each intended recipient of Text Messages, documents sufficient to identify the date of when that person last transacted business with You."). To alleviate such burdens, the Court should grant the requested stay of discovery pending the Court's resolution of TAOS's Motion to Dismiss. There is also no justification for prejudicing TAOS by requiring it to engage in discovery that may be moot depending on the Court's dismissal ruling. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007) (noting danger of permitting "largely groundless claim[s]" to waste resources and create an "*in terrorem* increment" of "settlement value").

Finally, while the harm of premature discovery to TAOS is substantial, the potential harm to Plaintiff from a temporary stay in discovery and pretrial deadlines (if any) is minimal at best. *See Scoma Chiropractic, P.A. v. Jackson Hewitt Inc.*, No. 2:17-CV-24-FtM-38CM, 2017 WL 2733758, at *2 (M.D. Fla. June 26, 2017) (finding that "delaying discovery until the Court rules on whether Plaintiff has stated a viable cause of action [under the TCPA] will cause Plaintiff little harm"). Plaintiff filed his FAC on May 5, 2026. *See* ECF No. 18. TAOS filed its Motion to Dismiss on May 19, 2026. *See* ECF No. 21. Thus, the case is still in its infancy. Indeed, as Judge Ruiz noted in staying discovery in a nationwide class action pending the resolution of a motion to dismiss, "a brief stay of discovery would not prejudice Plaintiff—and should the case proceed, Plaintiff will have ample opportunity to conduct discovery." *Skuraskis*, 717 F.Supp.3d at 1231.

12

Plaintiff will not be prejudiced by a temporary stay of discovery until the Motion to Dismiss is resolved.

Moreover, a brief stay of discovery does not risk creating any case management or scheduling problems, as the Court has not yet issued a case management schedule. *See Moore v. Shands Jacksonville Med. Ctr., Inc.*, Case No. 3:09-cv-298-J-34TEM, 2009 WL 4899400, at *2 (M.D. Fla. Dec. 11, 2009) (finding a stay of discovery would not prejudice plaintiff, in part, because the court had not yet entered a case management and scheduling order). Accordingly, there are no compelling reasons to require TAOS to expend resources in discovery if the Court determines that Plaintiffs' claims lack merit. *See Bienaime*, 2024 WL 4665253, at *2 ("[B]alancing the harm produced by a delay in discovery against the likely costs and burdens of proceeding with discovery weighs in favor of a stay, as [defendant] should not exp[e]nd resources in discovery if the claim against it lacks merit." (internal quotation marks and citation omitted)).

## V.      CONCLUSION

For the reasons set forth above, Defendant The Art of Shaving-FL, LLC respectfully requests that the Court grant this Motion and stay all discovery, including pre-trial deadlines, and all federal and local rule disclosures and conference requirements, until the Court rules on TAOS's Motion to Dismiss.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Counsel for the Defendant has conferred with all parties or non-parties who may be affected by the relief sought in the Motion in a good faith effort to resolve the issues raised in the Motion. However, the parties were unable to come to an agreement.  Accordingly, Defendant submits this Motion to Stay Discovery.

Dated: May 20, 2026.

Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

By: /s/ *Jason Daniel Joffe*
Jason Daniel Joffe
Florida Bar No. 0013564
200 S. Biscayne Blvd., Suite 3400
Miami, FL 33131
Telephone: (305) 577-7000
Facsimile:  (305) 577-7001
Email:jason.joffe@squirepb.com

Kristin L. Bryan *(pro hac vice forthcoming)*
E-mail: kristin.bryan@squirepb.com
Shing Tse *(pro hac vice forthcoming)*
Email: shing.tse@squirepb.com

*Attorneys for Defendant The Art of Shaving-FL, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

/s/ *Jason Daniel Joffe*
Jason Daniel Joffe

14